UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RYAN BURTON,)
)
        Petitioner,)
)
v. ) No. 2:10-cv-148-WTL-DML
)
BASINGER,)
)
        Respondent.)

### Entry Discussing Petition for a Writ of Habeas Corpus

Ryan Burton ("Burton"), an Indiana prisoner, seeks habeas corpus relief with respect to disciplinary proceeding number ISR 09-05-0278. Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

The pleadings and the expanded record in this action for a writ of habeas corpus show that Burton did not exhaust his available administrative remedies with respect to the disciplinary proceeding challenged here.[1] Specifically, Burton did not complete the second step of the appeal process to the Final Reviewing Authority.

Burton could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Burton has not shown cause for and prejudice from his failure to appeal. Accordingly, the court is precluded from reaching the merits of the claims in the petition. The petition for a writ of habeas corpus is therefore **denied**, the respondent's motion to dismiss (dkt 10) is **granted** and this action is **dismissed with prejudice.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/06/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] Burton has not replied to the respondent's motion to dismiss. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."